[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff and defendant married on July 4, 1959. Three children were issue of the marriage who are now more than 18 years old.
Several years ago the parties lost the togetherness of a happy marriage. The plaintiff was dissatisfied with the weight of the defendant wife. The defendant did not want a CT Page 1975 divorce. They had counselling and the marriage, as testified by the wife, is over. The defendant wants to live in their present marital dwelling which is 1 Pinecrest Avenue, Ansonia, held in joint names. The plaintiff's affidavit on file sets a value of $200,000, whereas the defendant places a value of $179,000. Each party declares a different equity interest. The husband asserts his equitable interest at $26,500. The wife asserts that the value is $15,000. The plaintiff has been paying one-half the mortgage, taxes and insurance.
The defendant wife is a staff coordinator at Griffin Hospital whose earnings are just about equal to the plaintiff's. She is also attending school to improve her income in the future. She has also been collecting the rents for the other part of Pinecrest whose net is $93.00 per week. She has now available $85 per week more than the plaintiff.
The plaintiff started seeing a third party some time in July 1990 and is now keeping company with her.
The plaintiff's highest income was $40,000 with John Hancock Insurance whose employ he left in 1987 and is now back with the same employer.
After he left Hancock in 1987 they bought a condominium with monies from refinancing their present marital residence. They substantially increased the mortgage.
The purchase of the condominium was a joint venture. After the sale of the condominium, the sum of $58,000 was left. The plaintiff was not working and the balance was invaded to pay bills and living expenses. After all debts were paid, $20,000 now remains. The condominium was a business deal that didn't reach their expectations.
The cause of the divorce was due to the deteriorating relationship accelerated by the plaintiff's lady friend.
The Court finds that the marriage has irretrievably broken down and accordingly grants a decree of dissolution.
Both parties have submitted claims for financial orders which the Court has reviewed along with the financial information. The Court has considered the statutory criteria for alimony and accordingly enters the following orders:
(1) The plaintiff shall quitclaim all his right, title and interest in 1 Pinecrest Avenue, Ansonia, Connecticut, to CT Page 1976 the defendant. Simultaneously, the defendant shall execute and deliver a promissory note in the amount of $6,500 payable upon demand on April 1, 1995 without interest.
(2) The defendant shall pay plaintiff the sum of $5,000 representing one-quarter of the balance of funds remaining in the joint bank account.
(3) The plaintiff shall pay the wife the sum of $350 per month for a period of six and one-half years. The alimony shall be non-modifiable as to term only. The defendant shall be entitled to 25% of the plaintiff's pension fund with John Hancock Pension Plan which shall survive any alimony payments hereunder. The plaintiff shall have no interest in defendant's pension fund.
The plaintiff shall name the defendant as irrevocable beneficiary on any life insurance policy or policies available from his employer but in no event shall said policies have a value of less than $35,000, if whole life policies, the face amount shall not be reduced below $35,000 by any loans taken against said policy or policies.
FRANK S. MEADOW, J.